UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------X
Jonathan Adames, Yeltsin Beltran, Van Brooks, Willy Canturencia, Alexis
Delacruz, Pedro Esteves, Luis Felipe, Peter Geraldi, Abdul Lopez, Willy Paulino,
Jose Rivera, Angel Rodriguez, Khyiem Thomas, Cory Vella, Shannon Willis,
Christian Yammie,
                Plaintiffs,       **COMPLAINT AND JURY DEMAND**

        -against-

THE CITY OF NEW YORK, NEW YORK CITY CORRECTION
DEPARTMENT COMMISSIONER JOSEPH PONTE, NEW YORK CITY
CORRECTION DEPARTMENT OFFICERS and EMPLOYEES: CAPTAIN
RICHARDSON, CAPTAIN THOMAS, DEPUTY BEVERLY GRIFFITH,
JOHN AND JANE DOE # 1 to approximately # 10, the names being
fictitious, presently unknown, in their individual and official capacities as
employees of the New York City Correction Department
                Defendants.
-------------------------------------------------------------------------------------------------X

Plaintiffs, by their attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, allege the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, New York City Department of Correction, and Defendant Correction Officers and Employees named and unnamed, employees of the City of New York, in their individual and official capacities. Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

3.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiffs request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

4.     Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because defendant Correction officers and employees named and unnamed have their place of work, which is also where the events or omissions giving rise to the claims occurred within the boundaries of said District.

## NOTICE OF CLAIM

5.     A notice of claim was duly filed with the City of New York within the relevant statutory period; more than 30 days have elapsed since such filing; the City has inadequately offered to settle plaintiffs' state law claims.

## PARTIES

6.     Plaintiffs at all times relevant hereto were inmates at the New York City Correction Department Brooklyn House of Detention, aka Brooklyn Detention Complex, 275 Atlantic Ave, Brooklyn, NY, in the City and State of New York.

7.     At all times hereinafter mentioned, and upon information and belief, defendant CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

8.     THE NEW YORK CITY DEPARTMENT of INVESTIGATION / INSPECTOR GENERAL OFFICE was at all times relevant hereto, an agency of defendant CITY OF NEW YORK.

9.     THE NEW YORK CITY CORRECTION DEPARTMENT was at all times relevant hereto, an agency of defendant CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, and on information and belief, defendant NEW YORK CITY CORRECTION DEPARTMENT COMMISSIONER JOSEPH PONTE was at all times relevant hereto, an employee of defendant CITY OF NEW YORK, as an employee of its agent NEW YORK CITY CORRECTION DEPARTMENT.

11.    That at all times hereinafter mentioned, and on information and belief, defendant Correction Officers and Employees named and unnamed were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as employees of its agent NEW YORK CITY CORRECTION DEPARTMENT.

12.    At all times mentioned herein, defendants acted under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

13.    That at all times hereinafter mentioned, and upon information and belief, defendant Correction officers and employees herein acted both personally and in their official representative capacities employed by the defendant CITY OF NEW YORK via its agent NEW YORK CITY CORRECTION DEPARTMENT.  And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as officers and employees of defendant, CITY OF NEW YORK.

14.     That as a result of the foregoing, defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

15.     On or about 26 November 2015, approximately 10am – until on or about 18 December 2015, at the New York City Correction Department Brooklyn House of Detention aka Brooklyn Detention Complex, 275 Atlantic Ave, Brooklyn, NY, defendant Correction officers and employees acting in their official capacities subjected plaintiffs to assault, battery, harassment, and related actions by allowing and/or causing complainants to suffer food poisoning from contaminated carrot cake not necessarily limited to containing poisons or including rat poison on said Thanksgiving Day.

16.     When several plaintiffs, some via family members, called 311 and/or 911 to report that they were sick, defendant Correction officers and Correction employees exacerbated their unlawful activity by attempting to collect and destroy the carrot cake they had given plaintiffs before the arrival of the City of New York Department of Investigation / Inspector General Office who arrived at the scene to investigate the incident and collect evidence.

17.     Said food poisoning resulted in plaintiffs requiring medical attention, cat scans, stomach pumps, transportation to local emergency rooms, medications, and additional treatments. However, defendant Correction officers and employees refused to administer adequate and proper medical care in a timely fashion, causing plaintiffs additional pain and suffering.

18.     Plaintiffs' injuries were the direct result of the negligent, intentional, careless and reckless conduct of the City of New York, the New York City Correction Department, and defendant Correction officers and employees.

19.     Some of the above has been recorded by video surveillance cameras, and is currently in the custody and control of Defendant City of New York and/or via its agent New York City Correction Department and/or City of New York Department of Investigation / Inspector General Office. Plaintiffs put defendants on notice of such within 90 days of the incident in a Notice of Claim demanding preservation and production of said evidence. Having received no response, plaintiffs again demand said production.

20.     Additionally, as indicated above, some of the above has been recorded by and is in the custody of Defendant City of New York via phone calls to 311 and/or 911, which calls plaintiffs and/or their families made. Plaintiffs put defendants on notice of such within 90 days of the incident in a Notice of Claim demanding preservation and production of said evidence. Having received no response, plaintiffs again demand said production.

21.     Additionally Defendant City of New York via its agent Department of Investigation / Inspector General Office investigated and has produced records pertaining to the incident, including that they took photos of plaintiffs' identification cards alongside said carrot cakes, took photos of said cakes, recorded interviews with plaintiffs, and seized said cakes for preservation and testing. Plaintiffs put defendants on notice of such within

90 days of the incident in a Notice of Claim demanding preservation and production of said evidence. Having received no response, plaintiffs again demand said production.

22. Additionally plaintiffs were provided medical treatment at the infirmary on site as well as at local hospitals. Plaintiffs put defendants on notice of such within 90 days of the incident in a Notice of Claim demanding preservation and production of said evidence. Having received no response, plaintiffs again demand said production.

23. As a direct and proximate result of the conduct of defendants as set forth above, plaintiffs suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury an suffering.

**FIRST CAUSE OF ACTION**
(ILLEGAL IMPRISONMENT)

24. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

25. Defendants subjected Plaintiffs to illegal imprisonment, cruel and unusual imprisonment, and deprivation of liberty without probable cause.

26. Defendants have deprived Plaintiffs of civil, constitutional and statutory rights and have conspired to deprive Plaintiffs of such rights and are liable to Plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

27. As a result, plaintiffs were damaged in the sum of One Million ($1,000,000.00) Dollars each.

**SECOND CAUSE OF ACTION**
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

28. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

29. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiffs as a result of the conduct of its employees, agents, and servants.

30. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

31. Upon information and belief, defendants and their supervisors have in the past been liable for inmates being subjected to cruel and unusual punishment in a variety of forms, including but not limited to food poisoning, improper medical treatment, illegal searches and seizures, sexual misconduct, and a host of other illegal acts, and have also allowed other fellow Correction officers to make false entries in official department records to cover up and hide wrongful conduct.

32. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

33. Defendant CITY OF NEW YORK has damaged plaintiffs by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

34. Defendants subjected plaintiffs to cruel and unusual punishment, unlawful conditions of confinement, and all bad actions listed above.

35. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars each.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

36. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

37. Defendants subjected plaintiffs to improper imprisonment, deprivation of liberty, unlawful search and seizure and destruction of property among other violations.

38. That as a result of the foregoing, plaintiffs have been deprived of the following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights, in violation of the statutes made and provided.

39. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars each.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

40. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

41. Defendants illegally subjected plaintiffs to improper imprisonment and deprivation of liberty.

42. That as a result of the foregoing, Plaintiffs have been deprived of the following rights, privileges and immunities secured by the constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiffs' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

43. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars each.

### FIFTH CAUSE OF ACTION
(ASSAULT and EXCESSIVE FORCE)

44. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

45. That the Court has pendant jurisdiction of this claim.

46. That as a result of the foregoing, defendants intentionally put plaintiffs in fear and fright of imminent physical harm.

47. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants, in the amount of One Million ($1,000,000.00) Dollars each.

## SIX CAUSE OF ACTION
### (BATTERY and EXCESSIVE FORCE)

48. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

49. Defendants battered plaintiffs.

50. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars each.

## SEVENTH CAUSE OF ACTION
### (CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

51. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

52. Defendants subjected Plaintiffs to unlawful harassment, unlawful conditions of confinement and were responsible for the deliberate indifference to plaintiffs' medical needs.

53. As a result of defendants' conduct, Plaintiffs suffered a loss of freedom and theft of property in the amount of One Million ($1,000,000.00) Dollars each.

## EIGHTH CAUSE OF ACTION
### (FAILURE TO PROTECT)

54. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

55. Plaintiffs were subjected to all of the above acts in violation of their rights.

56. Defendants were aware of the likelihood of harm to plaintiffs but yet failed to protect them.

57. As a result, plaintiffs suffered injuries in the amount of One Million ($1,000,000.00) Dollars each.

## NINTH CAUSE OF ACTION
### (CRUEL and UNUSUAL PUNISHMENT)

58. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

59. As a result of defendants' conduct, plaintiffs unnecessarily suffered cruel and unusual punishment in the amount of One Million ($1,000,000.00) Dollars each.

## TENTH CAUSE OF ACTION
### (NEGLIGENCE)

60. Plaintiffs repeat and reallege the foregoing paragraphs as though fully set forth herein.

61. Defendants' owed a duty to plaintiffs who were prisoners in the custody and care of defendants.

62. Defendants breached their duty to plaintiffs.

63. As a result, plaintiffs suffered injuries in the amount of One Million ($1,000,000.00) Dollars each.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiffs in the amount of One Million ($1,000,000.00) Dollars each on each of Plaintiffs' Causes of Action;

B. Awarding Plaintiffs punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each of Plaintiffs' Causes of Action;

C. Awarding Plaintiffs reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial.

Dated: 23 FEBRUARY 2017
New York, New York

                                        _____/s/_____
                                        Gregory Zenon, The Law Office of Gregory Zenon
                                        *30 Wall Street, 8th Floor*
                                        *New York, New York 10005*
                                        *212.380.8582, zenonlaw@yahoo.com*
                                        Attorney for Plaintiffs